UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 23, 2026

SEAN F. McAVOY, CLERK

CHANELLE S.,

      Plaintiff,

v.

FRANK BISIGNANO,
Commissioner of Social Security,[1]

      Defendant.

No. 1:24-CV-03166-JAG

ORDER AFFIRMING
DECISION OF THE
ADMINISTRATIVE
LAW JUDGE

**BEFORE THE COURT** is Plaintiff's Opening Brief, the Commissioner's Brief, and Plaintiff's Reply. ECF Nos. 10, 16, and 17. Attorney D. James Tree represents Chanelle S. (Plaintiff); Special Assistant United States Attorney Katherine Watson represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before the undersigned by operation of Local Magistrate Judge Rule (LMJR) 2(b)(2), as no party returned a Declination of Consent Form to the Clerk's Office by the established deadline. ECF No. 4. After reviewing the administrative record and briefs filed by the parties, the Court AFFIRMS the Administrative Law Judge's (ALJ) decision.

## I.  JURISDICTION

Plaintiff filed claims for disability benefits in October 2018 and March 2019, alleging disability since March 12, 2018, due to panic disorder, severe anxiety, sleep disturbance, debilitating panic attacks, unexplained weight loss, numbness or

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Frank Bisignano is substituted as the defendant in this suit. *See* 42 U.S.C. § 405(g).

ORDER AFFIRMING ALJ'S DECISION - 1

tingling in the body when in any group/crowd, loss of appetite, spiraling into a deep sense of fear, sense of impending doom or danger, fear loss of control, palpitations, trembling, shaking, chills, hot flashes, nausea, abdominal cramping, chest pain, headache, dizzy, lightheadedness, faintness, fatigue, feeling of unreality, emotional detachment, and reactive detachment disorder.  Tr. 926. Plaintiff's claim was denied initially and on reconsideration, and after a hearing before an ALJ.  Tr. 85.

Following the Appeals Council denial, Plaintiff appealed.  1:22-CV-03171-JAG.  This court granted the parties' stipulated motion to remand.  Upon remand, the court directed the Appeals Council to instruct the ALJ to take any action necessary to complete the administrative record, offer the claimant an opportunity for a hearing and issue a new decision.  1:22-CV-03171-JAG, ECF No. 18.

A hearing was held on June 11, 2024, at which ALJ Cecilia LaCara presided and vocational expert Daniel Labrosse, and Plaintiff, who was represented by counsel, testified.  Tr. 1614.  The ALJ denied benefits on August 14, 2024. Tr. 1587-1605.  The ALJ's decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g).  *See* 20 C.F.R. §§ 404.981, 422.201.  Plaintiff filed this action for judicial review on October 17, 2024.  ECF No. 1.

## II.    STATEMENT OF FACTS

The facts of the case are set forth in detail in the transcript of proceedings and the ALJ's decision and are only briefly summarized here.  Plaintiff was born March 12, 1984, and was 34 years old on the alleged onset date.  Tr. 1604. Plaintiff has a high school education but has no past relevant work.  Tr. 1604.

## III.    STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035,

ORDER AFFIRMING ALJ'S DECISION - 2

1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## IV.    SEQUENTIAL EVALUATION PROCESS

The Commissioner established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-99. This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot do his past relevant work, the ALJ proceeds to step five, and

ORDER AFFIRMING ALJ'S DECISION - 3

the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-94 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## V.    ADMINISTRATIVE FINDINGS

On August 14, 2024, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At *step one*, the ALJ found that Plaintiff had not engaged in substantial gainful activity since March 12, 2018. Tr. 1593.

At *step two*, the ALJ found Plaintiff had the severe impairments of attention hyperactivity disorder (ADHD), depressive/bipolar disorder, and posttraumatic stress disorder (PTSD). Tr. 1593.

At *step three*, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equal one of the listed impairments in 20 C.F.R., Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926). Tr. 1594.

The ALJ also found that Plaintiff has the residual functional capacity ("RFC") to perform a full range of work at all exertional levels but with the following limitations:

> she is limited to simple, routine repetitive tasks with occasional interaction with supervisors, coworkers and the public with no highly paced assembly line type work.

Tr 1595.

At *step four*, the ALJ found that Plaintiff had no past relevant work . Tr. 1604.

ORDER AFFIRMING ALJ'S DECISION - 4

At *step five*, the ALJ found that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, Plaintiff was capable of performing jobs that existed in significant numbers in the national economy, including the jobs of hotel housekeeper, small products assembler, and marker II.  Tr. 1605

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the alleged onset date through the date of the decision.  Tr. 1605.

## VI.    ISSUES

The question presented is whether substantial evidence exists to support the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends that the ALJ erred by not properly assessing Plaintiff's testimony and medical opinions.

## VII.    DISCUSSION

### A.    <u>Plaintiff's Statements.</u>

Plaintiff contends the ALJ erred by improperly rejecting her testimony.  ECF No. 10.  It is the province of the ALJ to make determinations regarding a claimant's subjective statements.  *Andrews*, 53 F.3d at 1039.  However, the ALJ's findings must be supported by specific, cogent reasons.  *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990).  Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment merely because it is unsupported by medical evidence.  *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998).  Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing."  *Smolen*, 80 F.3d at 1281; *Lester*, 81 F.3d at 834.  "General findings are insufficient: rather the ALJ must identify what testimony is

ORDER AFFIRMING ALJ'S DECISION - 5

not credible and what evidence undermines the claimant's complaints." *Lester* at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ's point by point rationale supporting her finding that aspects of Plaintiff's testimony regarding intensity, persistence and limiting effects of symptoms were not supported by the medical record is specific, clear and convincing. Tr. 1596-1601. In the opinion the ALJ first addressed mental health symptoms including hallucinations, difficulty leaving the home, and difficulty with concentration and focus. Tr. 1596. Generally, the ALJ found that periods of non-compliance with mental health treatment, including substance abuse, as well as situational stressors, contributed to the symptoms Plaintiff endorsed, but that the medical record shows improvement with symptoms and function with medication and abstinence from illicit substances. Tr. 1596. The ALJ then proceeded to review the record, pointing to specific records that supported the conclusion. Tr. 1596–1601. The analysis is specific, clear and convincing.

Although Plaintiff's interpretation of the medical record differs from the ALJ's analysis, the Court finds that the ALJ's analysis is thorough and complete. As the ALJ noted, active substance abuse and withdrawal accounts for much of the symptomology described at length in Plaintiff's briefing which was alleviated during periods of sobriety. *See* Tr. 1596, 1598.

**B.    Medical Opinions.**

For claims filed on or after March 27, 2017, the ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources. 20 C.F.R. § 416.920c(a) and (b), 20 C.F.R. § 404.1520c(c). The factors for evaluating the persuasiveness of medical opinions and prior administrative findings include supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding

ORDER AFFIRMING ALJ'S DECISION - 6

of Social Security's disability program).  20 C.F.R. § 416.920c(c)(1)-(5), 20 C.F.R. § 404.1520c(c).

Supportability and consistency are the most important factors, and the ALJ must explain how both factors were considered.  20 C.F.R. § 416.920c(b)(2), 20 C.F.R. § 404.1520c(c).  The ALJ may explain how the ALJ considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record.  *Id.*  Supportability and consistency are explained in the regulations:

> (1) *Supportability.* The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2) *Consistency.* The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 416.920c(c)(1)-(2) and 20 C.F.R. § 404.1520c(c).

The Ninth Circuit has addressed the issue of whether the regulatory framework displaces the longstanding case law requiring an ALJ to provide specific and legitimate reasons to reject an examining provider's opinion.  *Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022).  The Court held that the 2017 regulations eliminate any hierarchy of medical opinions, and the specific and legitimate standard no longer applies.  *Id.* at 788-89, 792.  The Court reasoned the "relationship factors" remain relevant under the new regulations, and thus the ALJ can still consider the length and purpose of the treatment relationship, the frequency of examinations, the kinds and extent of examinations that the medical source has performed or ordered from specialists, and whether the medical source

ORDER AFFIRMING ALJ'S DECISION - 7

has examined the claimant or merely reviewed the claimant's records. *Id.* at 790, 792. Even under the new regulations, an ALJ must provide an explanation supported by substantial evidence when rejecting an examining or treating doctor's opinion as unsupported or inconsistent. *Id*. at 792.

Plaintiff argues that the ALJ improperly assessed the opinions of Ms. Diana Stonehouse, Dr. David Morgan, Dr. Dana Harmon, Dr. Tasmyn Bowes, and Dr. Thomas Genthe. The Court examines each provider in turn below.

### 1. *Diana Stonehouse, LICSW:*

Plaintiff argues that the ALJ reversibly erred by failing to address Ms. Stonehouse's March 2023 opinion and incorrectly assessed Ms. Stonehouse's November 2023 opinion. The ALJ found Diana Stonehouse's November 2023 opinion unpersuasive because her findings conflicted with her treatment notes. Although the ALJ failed to specifically mention Ms. Stonehouse's March 2023 opinion, the ALJ's analysis cites to both opinions. Tr. 1602. The ALJ correctly considered both opinions in a single analysis. 20 C.F.R. § 404.1520c(b)(1).

As for the ALJ's assessment of Ms. Stonehouse's opinion, the ALJ's interpretation of the record differs from Plaintiff's but the Court need not adopt Plaintiff's analysis so long as the ALJ provided an explanation supported by substantial evidence and devoid of legal error. The ALJ's conclusion that Ms. Stonehouse's opinion conflicted with her treatment notes and the medical record is supported by substantial evidence. The ALJ cited treatment notes that reflected that Plaintiff frequently presented as friendly and completely oriented. Tr. 1602. When involved in substance abuse treatment, Plaintiff engaged in group therapy, joined a softball team, and regained custody of her son. Tr. 1602. Plaintiff also participated in drug court, maintained abstinence, and was compliant with medication. Tr. 1602.

ORDER AFFIRMING ALJ'S DECISION - 8

### 2.    *David Morgan, Ph.D., and Dana Harmon, Ph.D.:*

Plaintiff argues that the ALJ erred in concluding that the opinions of Drs. Morgan and Harmon were "somewhat" supported by the record. The ALJ's assessment of Drs. Morgan and Harmon's opinions is supported by substantial evidence. Plaintiff offers a different interpretation of the evidence, but the question is not whether substantial evidence supports Plaintiff's interpretation. The ALJ cited the disconnect between Dr. Morgan's exam and Dr. Morgan's findings. Tr. 1602. The ALJ rejected only those limitations at odds with the treatment record. Tr. 1602. As Dr. Harmon's opinion relied upon Dr. Morgan's evaluation, the ALJ's analysis of Dr. Harmon's opinion was proper. Tr. 1602. Accordingly, the ALJ's determination that not all of the limitations opined by Dr. Morgan were supported by the record is supported by substantial evidence.

### 3.    *Tasmyn Bowes, Psy.D., and Thomas Genthe, Ph.D.:*

Lastly, Plaintiff argues that the ALJ improperly concluded that the opinions of Dr. Bowes and Dr. Genthe were moderately persuasive. In the case of Dr. Bowes, the ALJ accepted most limitations opined by Dr. Bowes, but found those limitations related to "understanding, remembering, and persisting in tasks by following detailed instructions; performing activities within customary tolerances without special supervision, and with completing a normal workday or workweek without interruptions from psychologically based symptoms." Tr. 1601. The ALJ referred to memory testing which counseled a contrary conclusion. Tr. 1601. The ALJ also properly relied upon Dr. Bowes examination taking place when Plaintiff was not taking her medications. Tr. 1601. The ALJ had noted that the medical record reflected that Plaintiff's symptoms improved when Plaintiff was compliant with medication. Tr. 1599–1601. Combined, these rationales provide substantial evidence in support of the ALJ's conclusion.

ORDER AFFIRMING ALJ'S DECISION - 9

The ALJ relied on similar reasoning regarding Dr. Genthe, which, like the rationale supporting the ALJ's findings as to Dr. Bowes, is supported by substantial evidence. Though Dr. Genthe made similar findings regarding memory, supervision, and psychological symptoms, Dr. Genthe opined such limitations would not last into perpetuity. Tr. 1601 (noting impairment would last from six months to nine months). The ALJ's assessment of Dr. Genthe's opinion reflects this, noting that Plaintiff's mental health symptoms improved with medication and Plaintiff was able to successfully complete the requirements of drug court. Tr. 1601-02. The ALJ properly considered improvement with medication when weighing Dr. Genthe's opinion. An ALJ properly considers improvement with medication when weighing a medical opinion. *Kitchen v. Kijakazi*, 82 F.4th 732, 739 (9th Cir. 2023) also see *Warre v. Comm'r*, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling for the purposes of determining eligibility for SSI benefits."). Notably, given the time constraints of limitations opined by Dr. Genthe, the ALJ's assessment largely aligns with Dr. Genthe's opinion. Any deviance between the ALJ's assessment and Dr. Genthe's opinion is supported by substantial evidence.

## VIII.   CONCLUSION

Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is supported by substantial evidence and is not based on legal error. Accordingly, **IT IS ORDERED**:

1.    The relief sought in Defendant's briefing, **ECF No. 16**, is **GRANTED**. The ALJ's decision is **AFFIRMED**.

2.    The relief sought in Plaintiff's briefing, **ECF No. 10**, is **DENIED**.

ORDER AFFIRMING ALJ'S DECISION - 10

The District Court Executive is directed to file this Order and provide a copy to counsel.  Judgment shall be entered for Defendant and the file shall be **CLOSED**.

DATED March 23, 2026.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE

ORDER AFFIRMING ALJ'S DECISION - 11